CRAIG P. FAGAN, State Bar No. 149556
**LAW OFFICES OF CRAIG P. FAGAN**
4512 4th Street
La Mesa, CA 91941
Telephone: (619) 528-9600
Facsimile:  (619) 528-9675
email: cpfagan@faganlegal.com

Attorneys for all Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM HAZEM, an Individual, ALYSSA HAZEM, an Individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIFORNIA MOUNTAINBACK, LTD, A California Limited Partnership, and DOES 1 through 10, Inclusive,<br><br>    Defendants | No.<br><br>**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR TRIAL BY JURY** |

# I.

# INTRODUCTION

1. This action seeks monetary, declaratory, and injunctive relief against defendants for discriminating against families with children in the operation of the Hansen Village Apartments, located at 11821 Foothill Blvd., Sylmar, CA 91342 (hereinafter "the Subject Property" or "the complex") for coercing, intimidating, threatening, or interfering with plaintiffs in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act and/or the Fair Employment and Housing Act in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 *et seq.*, and related federal and state laws.

# II.

# JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in that the claims alleged herein arose within the City of Sylmar, County of Los Angeles, California.

\* \* \*

\* \* \*

\* \* \*

## III.

## **PARTIES**

4. Plaintiffs Adam Hazem and Alyssa Hazem live at the Subject Property with their minor child, R.H.

5. Defendant California Mountainback, LTD, a California Limited Partnership, owns, operates, and manages the Subject Property, and has its principal place of business in Encino, Los Angeles County, California.  The onsite manager is Donald Williams.  Mr. Williams lives at the Subject Property, and is employed as resident manager by Defendant California Mountainback, LTD.

6. Each defendant is, and at all times herein relevant was, the agent, employee, or representative of each other defendant, in doing the acts or in omitting to act as alleged in this compliant, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

7. The Subject Property is a dwelling within the meaning of 42 U. S. C. §3602(b).

## IV.

## **FACTS**

8. Defendants, acting individually and in concert with others, directly and through agents, have engaged in a pattern or practice of discrimination against families with children, including Plaintiffs, on account of familial status in the operation of the Subject Property.  Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

9. Plaintiffs Adam Hazem and Alyssa Hazem, husband and wife, live at the Subject Property, along with their minor son, R.H.  The Subject Property has been owned by Defendant California Mountainback, Ltd., a California Limited Partnership, at all times referenced, herein.

10. Plaintiffs have lived at the complex for the last four years. There are about twenty

units at the complex. There is a large courtyard in the middle of the complex, which consists of a fairly large grass lawn, and has sidewalks nearby.

11. In June 2019, Alyssa Hazem was outside with her son. Her son was playing with 4 or 5 kids in the common areas, behaving like normal kids, playing tag, walking around, or sitting down and building things out of sticks. Ms. Hazem was supervising her son as he played. On June 24, 2019, Defendants sent a letter to Plaintiffs, informing them that children were not allowed to play outside.

12. The following day, June 25, 2019, Ms. Hazem spoke to the resident manager, Donald Williams. Ms. Hazem specifically mentioned that she had received the letter, and wanted to know why the children could not play outside. Mr. Williams indicated that it was due to a kid putting a stick in an air conditioning unit. Ms. Hazem informed him that it was not her child who had done that, and that it was unfair to punish all children. Mr. Williams was unmoved, stating that he felt the rule was reasonable. Ms. Hazem then relayed to Mr. Williams that she had spoken to the other kids in the complex about this rule, and that it was having a negative effect on the children, since they were not allowed to be outside. Mr. Williams was unmoved, informing Ms. Hazem that the lease made it clear that children could not play. He also stated that tenants who slept during the day needed peace and quiet, and that children were not permitted to invade that peace and quiet.

13. Ms. Hazem pleaded with Mr. Williams, informing him that the parents at the complex took the rules very seriously, and that it was really affecting the children because they were in school all day, not getting outdoor time, and then would come home and not be allowed to play outside. Once again, Mr. Williams was unmoved, reiterating that those were the rules, that Ms. Hazem should take her children across the street to the park, if they wanted to play.

14. Upon hearing this, Ms. Hazem politely asked, "What was your experience growing up. Weren't you allowed to play as a kid?"

15. At that point, Mr. Williams promptly shut the door in Ms. Hazem's face without warning. This move was very rude, as Ms. Hazem had been polite during the conversation.

16. Several weeks later, in late July 2019, Ms. Hazem took her son outside into the common area of the complex. She sat down to read a book, while her son was riding his scooter. A

moment later, her son stopped, laid his scooter down in the grass, then sat next to her. Upon seeing this, Mr. Williams came out, picked up the scooter, and brought it to Ms. Hazem, saying, "We can't have this because we have someone here who uses a scooter (i.e., apparently for medical reasons), and could trip over it." The claim was patently unreasonable, as the child's scooter was only momentarily on the ground, and posed no real risk to anyone.

18. After this encounter, Plaintiffs were too scared to let their son play outside and kept him inside for many months.

19. On May 19, 2020, Plaintiff took her son outside to play at about 6 p.m.. Her son and a few other boys were tossing a football to each other on the lawn, a perfectly safe situation. Upon seeing this, Mr. Williams came outside and told them to "get out of here" and that they were not allowed to play outside. Upon seeing this, Ms. Hazem asked why the kids could not play outside. Mr. Williams offered as an excuse that the kids would ruin the grass, and that other people needed peace and quiet. Ms. Hazem mentioned to him that fair housing laws allowed the kids to play outside, but he rejected the statement, stating that these were his rules.

20. Although the complex has many units with children, the children in the complex have rarely played outside since Mr. Williams always tells them to stop when they are outside playing.

21. Till this day, children at the complex are prohibited from playing outside in common areas.

## V.

## INJURIES

22. By reason of defendants' unlawful acts and practices, plaintiffs have suffered loss of important housing opportunities, violation of their civil rights, deprivation of the full use and enjoyment of their tenancy, and emotional distress and physical injury, humiliation and mental anguish, physical distress, impairment of health, fear, stress, including bodily injury such as stomach aches; knots in stomach; head aches; sleep loss; feelings of depression, discouragement, anger, and nervousness; trouble

sleeping; and reliving the experience; and other special and general damages according to proof. Accordingly, plaintiffs are entitled to compensatory damages.

23. In doing the acts of which plaintiffs complain, defendants and their agents and employees intentionally or recklessly violated plaintiffs' civil rights. Accordingly, all plaintiffs are entitled to punitive damages.

24. There now exists an actual controversy between the parties regarding defendants' duties under the federal and state fair housing laws. Accordingly, all plaintiffs are entitled to declaratory relief.

25. Unless enjoined, defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above.

## VI.
## FIRST CLAIM
### (Fair Housing Act)

26. Plaintiffs reallege and incorporate by reference paragraphs 1 through 25 of the complaint herein.

27. Defendants have injured plaintiffs in violation of the federal Fair Housing Act by committing the following discriminatory housing practices:

A. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of familial status, including without limitation forbidding children to play at any time in the complex, or in the provision of services or facilities in connection therewith, because of familial status in violation of 42 U.S.C. §3604(b);

B. Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status or disability, or an intention to make any such preference, limitation, or discrimination in violation of 42 U.S.C. §3604(c);

C. Coercing, intimidating, threatening, or interfering with persons in their exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted by or protected by the Fair Housing Act in violation of 42 U.S.C. §3617.

## SECOND CLAIM

### (California Fair Employment and Housing Act)

28. Plaintiffs reallege and incorporate by reference paragraphs 1 through 27 of the complaint herein.

29. Defendants have injured plaintiffs in violation of the California Fair Employment and Housing Act by committing the following discriminatory housing practices:

A. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of familial status in violation of California Government Code §§12955(a);

B. Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status or disability, or an intention to make any such preference, limitation, or discrimination in violation of California Government Code §12955(c);

C. Expressing a preference for or limitation on a renter because of familial status in violation of California Government Code §12955(d);

D. Harassing, evicting, or otherwise discriminating against any person in the rental of housing accommodations where the dominant purpose is retaliation against a person who, among other things, has opposed practices unlawful under the Fair Employment and Housing Act, in violation of California Government Code §12955(f);

E. Otherwise making unavailable or denying a dwelling based on discrimination because of familial status, in violation of California Government Code §12955(k); and

F. Threatening, intimidating, or interfering with persons in their enjoyment of a

dwelling because of familial status in violation of California Government Code §12955.7.

## THIRD CLAIM

### (Unfair Business Practices)

30. Plaintiffs reallege and incorporate by reference paragraphs 1 through 29 of the complaint herein.

31. In acting as herein alleged, defendants have engaged in a pattern or practice of unlawful discrimination in the operation of the Subject Property, a business establishment, and therefore have engaged in acts of unfair competition as the same is defined in California Business & Professions Code §17200 *et seq.*.

## FOURTH CLAIM

### (Negligence)

32. Plaintiffs reallege and incorporate by reference paragraphs 1 through 30 of the complaint herein.

33. Defendants owed plaintiffs a duty to operate the Subject Property in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline their employees and themselves to fulfill that duty. Defendants negligently violated that duty by discriminating against families with children on account of their familial status, and by using unreasonable means to attempt to force Plaintiffs to refrain from pursuing the current discrimination lawsuit. Defendants' violation of that duty was the result of negligence, including, but not limited to:

  A. Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing laws;

  B. Defendants' negligent failure to train their employees and themselves regarding the requirements of state and federal fair housing laws;

    C. Defendants' negligent failure to supervise their employees regarding compliance with the requirements of state and federal fair housing laws; and

    D. Defendants' negligent failure to follow standard, recognized rental practices of the community;

    E. Defendants' negligent failure to exercise the ordinary and reasonable care and diligence required of a housing provider in the operation and management of the subject rental premises; and/or

    F. Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing rights laws.

  34. As a legal result of defendants' negligent conduct, the plaintiffs have suffered loss of an important housing opportunity, violation of their civil rights, deprivation of the full use and enjoyment of their tenancy, invasion of the private right of occupancy, wrongful eviction, and bodily injury, including severe humiliation, physical and emotional distress.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for entry of judgment against defendants that:

1. Awards compensatory and punitive damages according to proof;

2. Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of familial status;

4. Awards pre-judgment interest and post-judgment interest as provided for by law;

5. Awards costs of suit herein incurred, including reasonable attorneys' fees; and

6. Awards all such other and further relief as the Court may deem proper.

Dated: May 19, 2020					LAW OFFICES OF CRAIG P. FAGAN

						By: **/s/Craig P. Fagan**
						Craig P. Fagan
						Attorneys for all Plaintiffs

## VIII.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby request a trial by jury.

Dated: May 19, 2020					LAW OFFICES OF CRAIG P. FAGAN

						By: **/s/Craig P. Fagan**
						Craig P. Fagan
						Attorneys for all Plaintiffs