1  | **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   | ALEXANDER J. HARWIN, SB# 225254
2  |   E-Mail: Alexander.Harwin@lewisbrisbois.com
   | RITA R. KANNO, SB# 230679
3  |   E-Mail: Rita.Kanno@lewisbrisbois.com
   | 701 B Street, Suite 1900
4  | San Diego, California 92101
   | Telephone: 619.233.1006
5  | Facsimile: 619.233.8627

6  | Attorneys for Defendant California
   | Mountainback, Ltd.
7

8  | **LAW OFFICES OF CRAIG P. FAGAN**
   | CRAIG P. FAGAN, CA State Bar No. 149556
9  | 4512 4th Street, La Mesa, CA 91941
   | Telephone: (619) 528-9600
10 | Facsimile: (619) 528-9675
   | Email:  cpfagan@faganlegal.com
11
   | Attorneys for Plaintiffs
12

13
14 |                UNITED STATES DISTRICT COURT
15 |              CENTRAL DISTRICT OF CALIFORNIA
16

| | |
|---|---|
| ADAM HAZEM, an Individual, ALYSSA HAZEM, an Individual, | No.  2:20cv04488 DSF (GJSx) |
| | The Hon. Dale S. Fischer |
| Plaintiffs, | **JOINT RULE 26(f) REPORT** |
| v. | Scheduling Conference:  TBD |
| CALIFORNIA MOUNTAINBACK, LTD, A California Limited Partnership, and DOES 1 through 10, Inclusive, | Trial Date:     None Set |
| Defendants. | |

Pursuant to the orders of this Court, the parties in the above-entitled action hereby submit the following Joint Status Report.

## THE NATURE AND BASIS FOR THE CLAIMS AND DEFENSES - FRCP 26(f)(2) and Rule 16(b) Scheduling Order ¶ 1

### I. NAMES OF PARTIES AND COUNSEL

The plaintiffs in the matter are Adam Hazem and Alyssa Hazem, and they are represented by Craig P. Fagan of the Law Offices of Craig P. Fagan. The defendant in the matter is California Moutainback, Ltd., and is represented by Alexander J. Harwin and Rita R. Kanno of Lewis Brisbois.

Counsel for plaintiffs and counsel for defendant met and conferred via telephone to discuss the contents on this report and corresponded by email as well.

### II. STATEMENT OF THE CASE

A. Plaintiffs' Claims

Plaintiffs have sued Defendants for operating the Hansen Village Apartments, located at 11821 Foothill Blvd., Sylmar, CA 91342 in a manner that discriminates against families with children. In short, Plaintiffs allege that Defendants unreasonably prohibit children from playing outside at the complex and harass families who defy these orders.

B. Defendant's Response To Plaintiffs' Claims

The dispute in this case pertains to a particular area on the property where tenants frequently traverse to get to various areas on the property where Defendant did not want recreational activities to take place in this one particular area.

Plaintiffs allege at paragraph 11 of the Complaint that on "June 24, 2019, Defendant sent a letter to Plaintiffs, informing them that children were not allowed to play outside." The June 24, 2019 letter actually states that "You've been asked

1  not to permit your children to play in the courtyard."  Plaintiffs were also asked to

2  not permit their children to play with sticks and balls around the "air condition[er]s."

3  This is not unlawful conduct especially when one considers that the property

4  extends five acres.  Because the persons engaging in the activity were

5  minors/children, Defendant reached out to the parents to resolve.

6         Outside of this one particular area, there is no limitation for tenants to

7  engage in activities throughout the other five acres of the property [including tennis

8  courts which are not limited to playing tennis and children are permitted to play].

9  The relevant case law authority confirms that landlords/property owners can limit

10 the use of certain areas on the property.  The holdings in <u>Savanna Club Worship

11 Serv. v. Savanna Club Homeowners' Ass'n</u>, 456 F. Supp. 2d 1223 (S.D. Fla. 2005),

12 <u>Yazdinian v. Las Virgenes Vill. Cmty. Ass'n</u>, No. CV 11-07611 SJO(JCx), 2012

13 U.S. Dist. LEXIS 191221 (C.D. Cal. July 2, 2012) and <u>Tyrell v. Manly</u>, No. 11 C

14 8207, 2012 U.S. Dist. LEXIS 122840 (N.D. Ill. Aug. 29, 2012) approved rules

15 restricting residents from engaging in certain activities in certain areas.  Those

16 holdings are applicable here.  For example, the <u>Tyrell</u> court rejected Plaintiffs'

17 claims that the Fair Housing statutes "prevented [defendant] from setting restrictions

18 on the use of the front yard" where Plaintiffs wanted to play.  <u>Tyrell</u>, 2012 U.S.

19 Dist. LEXIS 122840, at *17.  The <u>Tyrell</u> court took no issue with the fact that the

20 property owner "made certain parts of the front yard off limits for the benefit of all

21 tenants, and is undisputed that there was a nearby park where the children had

22 access to engage in activities that required a large open field."  <u>Id.</u> at *8.  The <u>Tyrell</u>

23 court disregarded Plaintiffs' counsel's argument that such rules "result in the

24 complete exclusion of children from the common area."  <u>Id.</u> at *23.  This case

25 mirrors and calls for the same resolution as in <u>Tyrell</u>.

26        Paragraph 19 of the Complaint, comprises the other substantive claim in this

27 case, which pertains to Defendant precluding Plaintiffs' child on May 19, 2020 from

28

1   playing football in the area where Defendant does not want tenants to engage in

2   recreational activities.  May 19, 2020 is the same day that the lawsuit was filed.

3   Pursuant to multiple familial status cases including <u>Yazdinian v. Las Virgenes Vill.</u>

4   <u>Cmty. Ass'n</u>, No. CV 11-07611 SJO(JCx), 2012 U.S. Dist. LEXIS 191221 * 22-23

5   (C.D. Cal. July 2, 2012), the FHA was and is not violated by prohibiting such

6   activity.

7   **III.**   **<u>SUBJECT MATTER JURISDICTION:</u>**

8       A.   <u>Plaintiffs' Position</u>

9       Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that

10  the claims alleged herein arise under the laws of the United States.  This Court has

11  supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine

12  Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law

13  claims and arise out of a common nucleus of related facts.  Plaintiffs' state law

14  claims are related to Plaintiffs' federal law claims such that those claims form part

15  of the same case or controversy under Article III of the United States Constitution.

16      B.   <u>Defendant's Position</u>

17      Defendant contends that Plaintiffs lack standing to pursue their third claim for

18  Unfair Business Practices pursuant to California Business & Professions Code

19  Section 17200, et seq., and lack standing to pursue injunctive relief.

20  **IV.**   **<u>LEGAL ISSUES</u>**

21      A.   <u>Plaintiffs' Issues:</u>

22      Whether Defendant discriminated against Plaintiffs upon the basis of familial

23  status in the operation of the complex.

24      B.   <u>Defendant's Issues:</u>

25      Whether Defendant's actions constitute discrimination based on familial

26  status in violations of Federal and state Fair Housing law?

27      Whether precluding Plaintiffs from playing in a certain area violates the

28  4823-8291-7572.1

1  FHA?

2     Whether requesting that Plaintiff not engage in recreational activities in one

3  area of the property in the interest of safety violates the FHA?

4     Whether Plaintiffs' claims for injunctive relief are actionable?

5     Whether Defendant's actions constitute an unfair business practice?

6     Whether Plaintiffs suffered damages?

7     Whether Defendant has used the least restrictive means to achieve the

8  compelling business necessity? and

9     Defendant further identifies and references each and every affirmative

10 defense raised in its Answer.

11 **V.     WITNESSES AND EVIDENTIARY DOCUMENTS**

12     A.     <u>Plaintiffs' Witnesses:</u>

13         Adam Hazem

14         Alyssa Hazem

15         Evette (tenant at complex, last name unknown)

16         Ross (tenant at complex, last name unknown)

17         Tessa (tenant at complex, last name unknown)

18         Donald Williams

19         All current and former tenants at the complex

20         All Defendants and their employees

21     B.     <u>Plaintiffs' Key Evidentiary Documents:</u>

22         Defendants' House Rules for the Complex

23         June 24, 2019 letter from Defendants to Plaintiff

24         Plaintiffs' lease

25     C.     <u>Defendant's Witnesses/Documents</u>

26     Defense counsel has recently substituted into this case and requires an

27 opportunity to investigate.

28

4823-8291-7572.1                                  5                          2:20cv04488 DSF (GJSx)

## VI.  **DAMAGES**

### A.   Plaintiffs' Position

Plaintiffs' claims are primarily related to emotional distress damages.

### B.   Defendant's Position

There are no minor/child plaintiffs in this case.  Plaintiffs, adults, are making an associational discrimination claim which the law permits them to make. However, Defendant contends Plaintiffs' damages must be nominal.

The value of familial status discrimination cases is predicated on the attorneys' fees provisions.  Defendant has two proposals which it will address below regarding discovery limits and the setting of an immediate mandatory settlement conference [discussed below].  If the adult Plaintiffs' damages are limited to claims arising out of emotional distress caused by their child being precluded from playing in a single area of the property, Defendant proposes the Court limit discovery pursuant to Rule 26(b)(1) which limits discovery to the proportional to the needs of the case limiting the number of depositions, interrogatories and production requests.

In addition, if the Court sets an immediate mandatory settlement conference, a potential resolution in the case is more likely to occur prior to the parties engaging in unnecessary depositions and discovery disputes.  Counsel for the parties have litigated numerous cases against each other.  Defense counsel believes that a mandatory settlement conference is most effective in these types of cases.

## VII.  **INSURANCE**

### A.   Plaintiff:

Not applicable as to Plaintiffs.

### B.   Defendant:

Defendant has insurance coverage.  Defendant is unaware of whether there is a reservation of rights at this time.

## VIII.  MOTIONS

    A.    Plaintiffs' Position:

Plaintiffs reserve the right to file a motion for partial summary judgment, as well as a motion to amend the pleadings and/or add parties.  At this juncture, Plaintiffs are unsure whether any additional parties need to be added.

    B.    Defendant's Position:

Should the parties not resolve the matter, Defendant will likely file a motion for judgment on the pleadings and/or a motion for summary judgment or in the alternative summary judgment.  As new counsel has recently substituted in, Defendant may need to supplement its answer.

## IX.   STATUS OF DISCOVERY:

The parties have not yet started discovery.

As stated above, Defendant believes the court should limit discovery to the proportional needs of this case.

## X.  DISCOVERY PLAN

    A.    Plaintiffs' Anticipated Discovery Requests:

See attached Exhibit No. 1

    B.    Defendant's Anticipated Discovery Requests:

Defendant plans to propound Requests for Production of Documents, Requests for Admission and Interrogatories regarding Plaintiffs' emotional distress and losses as well as their complaints to Defendant for alleged familial discrimination.  Defendant intends to subpoena records relating to Plaintiff's damages.

    C.    Defendant's Anticipated Deponents:

Adam Hazem

Alyssa Hazem

D.    Defendant:

The subjects on which discovery will be conducted include, but are not limited to, the relevant history of Plaintiffs' residence at the property in question; Plaintiffs' alleged emotional distress damages and other alleged damages; and Plaintiffs' mitigation efforts.

E.    Limitations on Discovery

**Plaintiff's Position**

At this time, Plaintiffs propose no changes to the limitations imposed on discovery by the Federal Rules of Civil Procedure and/or the Local Rules of the Central District of California. Plaintiffs request to conduct discovery according to the Federal Rules of Civil Procedure.  The Parties agree that fact discovery will be completed and then expert discovery will follow.  The Parties agree that any dispute as to the appropriate subject matter, timing, and scope of discovery in this matter be resolved pursuant to the Court's Standing Order, the Court's Local Rules, and the Federal Rules of Civil Procedure, including but not limited to an informal attempt to resolve the dispute by meeting and conferring in good faith, and subsequent informal discovery conference with the Court prior to the submission of any formal discovery motions under Rule of the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Evidence 502, the Parties agree that if any documents subject to a claim of privilege or protection are inadvertently produced, such an inadvertent disclosure shall not operate as a waiver in a Federal or State proceeding, provided that the elements of Federal Rule of Evidence 502(b) have been met.

**Defendants' Position**

As the adult Plaintiffs' damages are limited to claims arising out of emotional distress caused by their child being precluded from playing in a single area of the property, Defendant proposes the Court limit discovery pursuant to Rule 26(b)(1)

1  which limits discovery to the proportional to the needs of the case limiting the

2  number of depositions, interrogatories and production requests.

3       F.      Timing of Initial Disclosure

4       The Parties have agreed to exchange initial disclosures pursuant to Rule 26(a)

5  by September 7, 2020.

6  **XI.   DISCOVERY CUT-OFF:**

7       The Parties propose a cut-off date for non-expert discovery of  May 4, 2021.

8  **XII.   EXPERT DISCOVERY:**

9       The last date for disclosure concerning experts in conformity with Rule

10  26(a)(2) of the Federal Rules of Civil Procedure, shall be as follows:

11       The Parties request March 2, 2021 for initial disclosures, and March 16, 2021,

12  as the rebuttal date.

13  **XIII.  DISPOSITIVE MOTIONS:**

14       Both parties reserve the right to file dispositive motions.

15  **XIV.  SETTLEMENT:**

16       Plaintiffs request that the parties use the court's ADR program.  Plaintiffs

17  propose that they use ADR Procedure 2.

18       As stated above, Defendant proposes to use ADR Procedure 1.

19  **XV.   TRIAL ESTIMATE:**

20       Plaintiffs estimate 3-5 days.

21       Defendant estimates 5 days.

22  **XVI.  COUNSEL WHO WILL TRY THE CASE:**

23       A.      Plaintiffs' Counsel:

24            Craig P. Fagan.

25       B.       Defendant's Counsel:

26       Alexander J. Harwin and Rita Kanno.  Both Mr. Harwin and Ms. Kanno are

27  separately dealing with their respective childcare issues and working with their

28

1 | respective school districts, which at this point mandate virtual, distance learning
2 | only.

3 | **XVII. <u>INDEPENDENT EXPERT OR MASTER:</u>**

4 |     Plaintiffs don't believe that an independent expert nor a master will be
5 | necessary.

6 | **XVIII.    <u>TIMETABLE:</u>**

7 |     See Attachment

9 | **XIX. <u>MAGISTRATE JUDGE.</u>**

10 |     Plaintiffs consent to trying the case before a magistrate judge.

11 |     Defendant does not have authority at this time to consent to trial before the
12 | magistrate judge.

13 | **XX.    <u>OTHER ISSUES:</u>**

14 |     The Parties are unaware of any other issues at this time.

16 | DATED: August 17, 2020        LEWIS BRISBOIS BISGAARD & SMITH LLP

18 |
19 |         By: */s/ Rita R. Kanno*

20 |         Alexander J. Harwin
        Rita R. Kanno
21 |         Attorneys for Defendants

23 | DATED: August 17, 2020
24 |         LAW OFFICES OF CRAIG P. FAGAN

25 |         By: */s/ Craig P. Fagan*
26 |         Craig P. Fagan
27 |         **Attorney for Plaintiffs**

28 |